UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tamara S. Bibb,

            Plaintiff,        Case No. 25-13894

v.                                Judith E. Levy
                                United States District Judge
County of Monroe, *et al.*,

                                Mag. Judge Anthony P. Patti

           Defendants.

_____/

## ORDER DENYING WITHOUT PREJUDICE AS MOOT DEFENDANTS' MOTION TO DISMISS [11] AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO PRESERVE EVIDENCE [16]

Before the Court are Defendants' motion to dismiss (ECF No. 11) and Plaintiff's motion to preserve evidence. (ECF No. 16.) For the reasons set forth below, Defendants' motion to dismiss is denied without prejudice as moot, and Plaintiff's motion is denied without prejudice.

**I.    Defendants' motion to dismiss (ECF No. 11)**

Plaintiff filed a complaint on December 4, 2025, against Defendant. (ECF No. 1.) On December 30, 2025, Defendant filed a motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(6). (ECF No.

11.) Plaintiff then filed an amended complaint on December 31, 2025. (ECF No. 15.)

Without expressing any view as to whether the amended complaint cures the purported deficiencies claimed in the motion to dismiss, the Court denies without prejudice as moot Defendant's motion to dismiss in light of the filing of the amended complaint. "[A]n amended complaint supersedes all prior complaints." *Drake v. City of Detroit*, 266 Fed. App'x 444, 448 (6th Cir. 2008). "It follows that 'motions directed at the superseded pleading,'" such as Defendant's motion here, "generally are to be denied as moot." *Nails v. RPI-Section 8 Housing*, No. 2:17-cv-13702, 2019 WL 1112381, at *4 (E.D. Mich. Mar. 11, 2019) (quoting *Heard v. Strange*, 2:17-cv-13904, 2018 WL 4189652, at *2 (E.D. Mich. June 21, 2018)) (collecting cases) *report and recommendation adopted*, 2018 WL 4184633 (E.D. Mich. Aug. 31, 2018); *see also Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016) ("An amended pleading supersedes a former pleading if the amended pleading is complete in itself and does not refer to or adopt a former pleading.") (internal quotation marks omitted).

Plaintiff filed her first amended complaint by right. Fed. R. Civ. P. 15(a)(1)(B) (a complaint may be amended as of right once within 21 days

of the filing of a motion to dismiss). The first amended complaint is complete in itself and makes no reference to the initial complaint. As set forth in the stipulated order entered on January 11, 2026, Defendants are directed to file a responsive pleading by January 22, 2026. (ECF No. 18.)

## II. Plaintiff's motion to preserve evidence (ECF No. 16)

Plaintiff moves for the Court to issue an order "requiring Defendants to preserve evidence relevant to this action arising from Plaintiff's detention at the Monroe County Jail on August 11-12, 2025." (ECF No. 16, PageID.304.) She lists the "evidence to be preserved" as "surveillance video," "staffing records and rosters," "incident and movement logs," "telephone access records," "PREA-related documentation," and "relevant electronic communications." (*Id.* at PageID.304–305.)

"As a general matter, it is beyond question that a party to civil litigation has a duty to preserve relevant information, including [electronically stored information], when that party 'has notice that the evidence is relevant to litigation or . . . should have known that the evidence may be relevant to future litigation.'" *John B. v. Goetz*, 531 F.3d

448, 459 (6th Cir. 2008) (quoting *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001)).

There is no question that Defendants were aware of the litigation at the time of Plaintiff's motion. As such, Defendants already have an obligation to preserve relevant information to Plaintiff's claims. Plaintiff has not provided any information that "suggest[s] that defendants have not or will not comply with this obligation and that destruction of relevant documents is imminent." *Mick v. Stanforth*, No. CIV A 2:08-CV-990, 2009 WL 1686017, at *1 (S.D. Ohio June 15, 2009). If evidence is not properly preserved, Plaintiff may move for sanctions under Federal Rule of Civil Procedure 37, or any other relevant authority.

Thus, the Court declines to issue such an order at this time.

### III. Conclusion

For the reasons set forth above, Defendants' motion to dismiss (ECF No. 11) is DENIED WITHOUT PREJUDICE AS MOOT, and Plaintiff's motion for preservation of evidence (ECF No. 16) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: January 15, 2026           s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY

United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 15, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager