UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMARA BIBB

Plaintiffs,

v.

County of Monroe, *et al*,

Defendants.

Case No. 5:25-cv-13894

District Judge Judith E. Levy
Magistrate Judge Anthony P. Patti

_______________________________________/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LIMITED DISCOVERY (ECF NO. 32)**

The Court has reviewed Plaintiff's motion for limited discovery for the sole purpose of identifying the Doe Defendants (ECF No. 32), following on the heels of my report and recommendation to allow Plaintiff to "proceed against the Doe Defendants, contingent upon further order of this Court" (ECF No. 30, PageID.498), as well as the Defendants' response thereto (ECF No. 35). Plaintiff's motion (ECF No. 32) is **GRANTED IN PART**, but the proposed discovery must be confined to information sufficient to identify the employees who reasonably correspond to the four Doe Defendants described in the First Amended Complaint (ECF No. 15). In light of this limited scope, Plaintiff's proposed discovery (ECF No. 32, PageID.509-512) is too broad and must be narrowly tailored to comply with this order and the limited purpose described

above, and must avoid merits discovery at this time, *e.g.*, Plaintiff's Request for Production No. 6 (ECF No. 32, PageID.512) is premature merits discovery and will not be permitted at this time. Work addresses for current employees may be supplied; however, the home addresses of former employees must be supplied only to the United States Marshals Service in such a manner as to achieve service without their addresses being placed on the public docket and may not be given to Plaintiff. If any of the Does are identified as former employees for which a business address is not readily available and a home address must be provided, Defendants shall notify Plaintiff, so Plaintiff can request an order from this Court directing the United States Marshals Service to effectuate service on the former employee defendants. Additionally, Plaintiff's request to shorten the time for responding to this limited discovery is **DENIED** as unnecessary, good cause not having been shown.

It is **SO ORDERED**.

Dated: October 26, 2026

s/ Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE